## FLORENCE E. THORSON v. INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS AND OTHERS.

207 N. W. 2d 712.

May 18, 1973—No. 43778.

*Briggs & Morgan* and *Andre J. Zdrazil,* for appellant.
*Lindquist & Vennum* and *Robert V. Atmore,* for respondents.

Considered by Knutson, C. J., and Peterson, Todd, and MacLaughlin, JJ.

PER CURIAM.

Plaintiff appeals from a summary judgment which denied her recovery of benefits under defendant International Association of Machinists and Aerospace Workers' pension plan on the grounds that she had no vested rights in any payments at the time of her husband's death. We affirm.

Plaintiff's deceased husband was a member of defendant labor

organization and a beneficiary under the pension fund established by the union. Plaintiff's deceased husband retired on March 24, 1969. Apparently unaware of his eligibility for pension benefits, he delayed applying for them. On August 1, 1969, the pension fund received a post-card request from him for a pension application form. The form was forwarded to him, together with a notice that the earliest he could qualify for benefits was December 1, 1969, since under the terms of the pension plan benefits would not be payable until 3 months after the application had been filed, not counting the month the application was received.

Subsequently, on November 6, 1969, the trustees of the fund notified plaintiff's husband that he would receive a pension commencing December 1, 1969, the effective date of his benefits. On November 9, 1969, plaintiff's husband died, and she thereafter filed a claim for the benefits due him.

The pension fund was adopted to provide retirement benefits to qualified union members with the funds coming from the contribution of their employers as a result of the collective bargaining process. Although the plan is basically a pension plan, portions of it do provide for some benefits to beneficiaries of a deceased pensioner. A qualified retiree may receive 60 monthly pension payments, or at his option, may defer these payments over 120 months at a reduced monthly amount. In either case, the pension plan provides that, if the pensioner dies before he has received all of his monthly pension benefits, his designated beneficiary, in this case the plaintiff, shall continue to receive payments until the total number of payments, whether they be 60 or 120, have been made.

However, the only rights of a beneficiary are derivative. A careful reading of the pertinent sections of the plan indicates that before a beneficiary can be qualified to receive the balance of payments, the pensioner must have been entitled to receive at least one payment himself. The plan provides for the 3-month waiting period, not counting the month of application, before

an applicant is entitled to a pension. If the pensioner dies before he has qualified for a pension, no rights accrue to the beneficiary because the plan expressly states that no person shall have a vested right to benefits except as specifically provided for in the plan.

Under the express terms of the pension plan, plaintiff's deceased husband had no vested rights in a pension until December 1, 1969. The plan further requires that the pensioner be alive on the date his rights vest. Since he predeceased this vesting date, plaintiff cannot qualify for recovery against defendant.

As the trial court in an excellent memorandum accompanying its decision points out:

"* * * [P]laintiff's request in the instant matter is difficult to deny. However, in keeping with existing law, the Court is compelled to find that the decision reached by the trustees is within their duly delegated, discretionary powers, and in keeping with the provisions of the pension plan * * *."

Affirmed.